## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**950 Pennsylvania Avenue, N.W.**<br>**Washington, D.C.  20530,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| **v.** | )<br>) |
| **NORDSTROM, INC., a corporation,**<br>**1617 Sixth Avenue, Seattle, Washington**<br>**98101,** | )<br>)<br>)<br>) |
| **Defendant.** | )<br>) |

**Civil Action No. 1:15-cv-2130**

---

### COMPLAINT FOR CIVIL PENALTIES, INJUNCTIVE, AND OTHER RELIEF

Plaintiff, the United States of America, acting upon the notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), for its complaint alleges that:

1.     Plaintiff brings this action under Sections 5(a)(1), 5(m)(1)(B), 13(b), and 16(a) of the Federal Trade Commission Act as amended ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(B), 53(b), and 56(a), to obtain monetary civil penalties, injunctive, and other relief for Defendant's violations of the Textile Fiber Products Identification Act ("Textile Act"), 15 U.S.C. § 70 *et seq.*, the Rules and Regulations Under the Textile Fiber Products Identification Act, 16 C.F.R. Part 303 ("Textile Rules"), and injunctive relief for violations of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(m)(1)(B), 53(b), and 56(a).  This action arises under 15 U.S.C. § 45(a).

3.     Venue in this District is proper under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c) and 1395(a).

## DEFENDANT

4.     Defendant Nordstrom, Inc. is a Washington corporation with its principal place of business at 1617 Sixth Avenue, Seattle, Washington 98101.  At all times material to this complaint, Defendant has participated in the acts and practices described in this complaint. Defendant transacts business in this district, including through its websites, www.nordstrom.com and www.nordstromrack.com, and through its retail stores at 1800 L Street NW, Washington, DC  20036, and 5333 Wisconsin Avenue, Friendship Heights, DC  20015.

## COMMERCE

5.     At all times material to this complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANT'S BUSINESS PRACTICES

6.     Defendant markets and sells textile fiber products throughout the United States on its websites and through brick-and-mortar stores.

7.     Defendant manufactures, markets, and sells textile fiber products under its own private label, Nordstrom.  Defendant also markets and sells retail textile products, which it purchases from a vendor and then resells.

8.     In advertisements for textile products marketed and sold on its websites, www.nordstrom.com and www.nordstromrack.com, Defendant makes or has made various claims concerning the fiber content of those textile products.

9.      On the www.nordstrom.com website, Defendant has marketed and sold its own private-label "Bamboo Blend Over The Knee Socks" and described the product as "[f]ine-guage socks blended with oh-so-soft bamboo fibers," but admitted in the fiber content that the product is actually "78% rayon from bamboo, 20% polyester, 2% spandex."  Due to its size and location, consumers are not likely to notice and understand this contradictory admission:

Nordstrom Bamboo Blend Over The Knee Socks | Nordstrom

Tweet

Share

💬 Have Questions? Live Chat or call 1.888.282.6060.

📍 Available at 5 Stores                                               −

Searching within 25 miles of 20001 Change Location.
(Store inventory subject to availability.)

**SIZE:** 9/11
**COLOR:** Black

◉ The Fashion Centre at Pentagon City (4 mi.) ?

◉ Montgomery Mall (10 mi.) ?

◉ Tysons Corner Center (13 mi.) ?

◉ The Mall in Columbia (23 mi.) ?

◉ Dulles Town Center (24 mi.) ?

Details & Care                                                       −

Fine-gauge socks blended with oh-so-soft bamboo fibers are just as cute rolled
over at the ribbed cuffs as they are pulled all the way up for more cozy coverage.

- 78% rayon from bamboo, 20% polyester, 2% spandex.
- Machine wash cold.
- By Nordstrom, imported.
- Hosiery.

10.     On the www.nordstrom.com and www.nordstromrack.com websites, Defendant also has claimed, without qualification, that the textile fiber in retail products it markets and sells is "bamboo":

a.     For example, Defendant markets and sells a "Gypsy05 Bamboo Racerback Hi-Lo Dress" and lists the fiber content as "100% bamboo:"

Gypsy05 | Bamboo Racerback Hi-Lo Dress | Nordstrom Rack



Account | Help | Store Locator

Nordstrom Rack | HauteLook

NORDSTROM rack          FREE SHIPPING ON ORDERS OVER $100.* EASY 90-DAY RETURNS.          CART 🛒

Women   Shoes   Handbags & Accessories   Men   Kids   Clearance

◀ BACK TO RESULTS

## Gypsy05
Bamboo Racerback Hi-Lo Dress

**$69.97**
~~$155.00~~ 55% Off                    Style #: W421-2428-01

**Size:**                    **Size Chart**
XS   S   M   L

**Color:** BLACK-NATURAL

**Quantity**
1

**Shipping & Returns**

- **Ships in 1 - 2 days.** This item is ready to ship.
- This item qualifies for **free shipping** when you spend over $100
- **Returnable** within 90 days to a Nordstrom Rack store or by mail

**About This Item**

**Details:**
- Scoop neck
- Sleeveless
- Printed trim on front and back
- Racerback
- Hi-lo cut
- Approx. 43.75" longest length
- Made in USA

**Fiber Content:**
100% bamboo

⛶ Full Screen                    Rollover to Zoom

**Share With Friends:** 🅕 Facebook  🅣 Twitter
📌 Pinterest

b.      Defendant also markets and sells a "Degree Six Clothing The Bamboo

Long Sleeve Tee" and lists the fiber content as "60% bamboo, 40% sorona:"

Degree Six Clothing | The Bamboo Long Sleeve Tee | Nordstrom Rack



c.    Defendant also markets and sells the "Barefoot Dreams Hooded Top & Track Pants Set (Baby)," describing the product as "[m]ade of soft cotton and bamboo," and listing the fiber content as "60% bamboo, 40% cotton:"



d.      Defendant also markets and sells the "Nicole Miller 'Neon Jaguar' Scarf"
and lists the fiber content as "100% bamboo:"



11.     Defendant also has made "bamboo" claims for retail textile products it markets and sells with contradictory fiber content information.  In these advertisements, as with the "Nordstrom Bamboo Blend Over the Knee Sock" described above, Defendant makes large, prominent "bamboo" claims – often in the product title – and repeats those claims near the product image.  Elsewhere in the advertisement, Defendant contradicts those "bamboo" claims by admitting that the product actually is rayon.  But, as a result of its size and location, consumers are not likely to notice and understand that contradictory admission.

> a.  For example, Defendant markets the "California Creative Republic 'Bamboo' Hooded Jumpsuit" and describes the product as a "supersoft stretch blend of cotton and bamboo-derived fibers."  Well below the product image and button to purchase the product, where consumers will not see it without scrolling down on the webpage, Defendant lists the fiber content as "47% rayon from bamboo, 47% cotton, 6% spandex:"



◄ Back to results

**California Creative Republic**

## 'Bamboo' Hooded Jumpsuit

**$148.00**   *Free Shipping*   Item #876541

Combination unavailable.
Choose a new size or color.
Your selection isn't available.

**Size:**

- XS=2, S=4, M=6, L=8-10.
- See fit information from our customers.

X-Small    Small    Medium    Large

Size Chart

CLICK ABOVE TO ZOOM

★★★★★  7 reviews | Write a Review

**Color:**

Black/Emerald

Start of Color List    Selected    End of Color List

Have Questions? Live Chat or call 1.888.282.6060.

Can't get the color or size you want?

Add to Wish List    Add to Shopping Bag

**Unavailable at stores near you.**                                         −

Your selection isn't available at stores near you. Try a new location:

Show stores within  25 miles  of

Go

**Details & Care**                                                         −

A supersoft stretch blend of cotton and bamboo-derived fibers forms a lounge-worthy jumpsuit made in downtown Los Angeles. Ribbed sleeves, elastic cuffs and a logo-embroidered hood finish the union-suit silhouette.

- Front zip closure.
- Split kangaroo pockets.
- 47% rayon from bamboo, 47% cotton, 6% spandex.
- Machine wash cold, tumble dry low.
- By California Creative Republic; made in the USA.
- Lingerie.

California Creative Republic 'Bamboo' Hooded Jumpsuit | Nordstrom

Twee    Shar

b.   Defendant also markets and sells the "Aden + Anais Bamboo Daydream Blanket," describing the product as "[b]amboo-fiber muslin," but listing the fiber content as "100% rayon from bamboo fiber:"



12.    In addition, on its www.nordstrom.com and www.nordstromrack.com websites, Defendant has marketed and sold textile fiber products labeled as "bamboo."

a.  For example, on February 25, 2015, the Commission purchased the "Nicole

Miller Neon Jaguar Scarf" from www.nordstrom.com.  The label affixed to

the scarf states that the product is "100% bamboo:"



b.  Similarly, on March 17, 2015, the Commission purchased the "Gypsy05

Bamboo Waterfall Cami" from www.nordstromrack.com.  The label affixed

to the "cami" states that it is "93% bamboo 7% spandex:"



   c.  On March 17, 2015, the Commission also purchased the "Barefoot Dreams

Hooded Top & Track Pants Set (Baby)" from www.nordstromrack.com.  The

hangtag attached to the product states that it is "made of soft cotton and

bamboo:"



Similarly, the label affixed to the product states that the fiber content is "60%

bamboo 40% cotton:"



13.     As defined by the Textile Act and Rules, textile fiber products marketed and sold by Defendant as bamboo, including those described in paragraphs 8 through 12 above, are rayon and not actual bamboo fiber woven into fabric.

14.     Rayon is the generic name for a type of regenerated or manufactured fiber made from cellulose.  Rayon is manufactured by taking purified cellulose from a plant source, also called a cellulose precursor, and converting it into a viscous solution by dissolving it in one or more chemicals, such as sodium hydroxide.  The chemical solution is then forced through spinnerets and into an acidic bath where it solidifies into fibers.

15.     Many plant sources may be used as cellulose precursors for rayon fabric, including cotton linters (short cotton fibers), wood pulp, and bamboo.  Regardless of the source of the cellulose, the manufacturing process involves the use of hazardous chemicals, and the resulting fiber is rayon and not cotton, wood, or bamboo fiber.  *See* 40 C.F.R. Part 63 ("National Emission Standards for Hazardous Air Pollutants for Cellulose Products Manufacturing").

16.     "[H]azardous air pollutants (HAP) emitted from cellulose products manufacturing operations" include carbon disulfide, carbonyl sulfide, ethylene oxide, methanol, methyl chloride, propylene oxide, and toluene.  40 C.F.R. § 63.5480.

17.     Pursuant to the Textile Act and Rules, textile products must be labeled and advertised using the proper generic fiber names recognized or established by the Commission. Manufactured textile products composed, in whole or in part, of regenerated cellulose fiber must be labeled and advertised using a generic fiber name such as rayon.

## PRIOR COMMISSION PROCEEDINGS CONCERNING TEXTILE FIBER PRODUCT MISREPRESENTATIONS

18.     In August 2009, the Commission announced three settlements and one administrative action against marketers that improperly labeled and advertised rayon textile

products as "bamboo."  In addition to publicly announcing these cases, the Commission issued a

Business Alert to remind marketers of the need to label and advertise textile products properly

and to clarify that "bamboo" is not a proper generic fiber name for manufactured rayon textile

fibers. The Commission disseminated the press release announcing the four cases and the

Business Alert widely throughout the marketplace.

19.     On January 27, 2010, the Commission sent Defendant a letter ("Warning Letter"),

by express mail, informing Defendant that certain acts or practices in connection with the

advertising and labeling of textile fiber products may violate the Textile Act and the Textile

Rules and are unfair or deceptive under Section 5 of the FTC Act, 15 U.S.C. § 45(a)(1).

20.     Defendant received the Warning Letter in February 2010.

21.     Enclosed with the Warning Letter was a synopsis of previous litigated decisions

issued by the Commission, as well as instructions to contact Commission staff or to visit the

Commission's website at http://www.ftc.gov/bamboo to obtain complete copies of the Textile

Act, Textile Rules, and the Commission's Final Orders and Opinions in the proceedings

described in the synopsis.

22.     As detailed in the synopsis enclosed in the Warning Letter, in a series of litigated

decisions, the Commission determined, among other things, that:

    a.      both manufacturers and sellers of textile fiber products must comply with

the Textile Act and the Textile Rules, *see H. Myerson Sons, et al.*, 78 F.T.C. 464 (1971);

*Taylor-Friedsam Co., et al.*, 69 F.T.C. 483 (1966); *Transair, Inc., et al.*, 60 F.T.C. 694

(1962); and

    b.      it is an unfair or deceptive act or practice to falsely or deceptively stamp,

tag, label, invoice, advertise, or otherwise identify any textile fiber product regarding the

name or amount of constituent fibers contained therein, *see Verrazzano Trading Corp., et al.*, 91 F.T.C. 888 (1978); *H. Myerson Sons, et al.*, 78 F.T.C. 464 (1971); *Taylor-Friedsam Co., et al.*, 69 F.T.C. 483 (1966); *Transair, Inc., et al.*, 60 F.T.C. 694 (1962).

23.     The Warning Letter also notified Defendant of its potential liability for civil penalties under Section 5(m)(1)(B) of the FTC Act, 15 U.S.C. § 45(m)(1)(B), for knowingly engaging in acts or practices determined by the Commission to be unfair or deceptive and unlawful, as described in Paragraph 22 of this Complaint.

24.     Despite the Commission's public announcements and the Warning Letter, Defendant has marketed and sold rayon textile fiber products advertised and labeled as "bamboo," including by engaging in practices such as those described in Paragraphs 8 through 12 above.

25.     The practices described in Paragraphs 8 through 12 above are violations of the Textile Act and the Textile Rules, and are deceptive acts or practices in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

26.     In January 2013, the Commission announced four settlements with large, national marketers that received the January 2010 Warning Letter and thereafter allegedly engaged in improperly labeling and advertising of rayon textile products as "bamboo."  In those settlements, the defendants agreed to pay a total of $1,026,000.00 in civil penalties and agreed to injunctive relief relating to labeling and advertising of "bamboo" textile products.  In addition to publicly announcing these cases, the Commission reminded marketers of the Business Alert it previously issued regarding the need to label and advertise textile products, and specifically "bamboo" products, properly.  The press release announcing the four cases was disseminated widely throughout the marketplace.

**VIOLATIONS OF THE TEXTILE ACT AND THE TEXTILE RULES**

27.     The Textile Act governs, *inter alia*, the labeling and advertising of textile fiber products manufactured, sold, advertised, or offered for sale in commerce. *See* 15 U.S.C. § 70a.

28.     Under the Textile Act, a textile fiber product is "misbranded if it is falsely or deceptively stamped, tagged, labeled, invoiced, advertised, or otherwise identified as to the name or amount of constituent fibers contained therein." 15 U.S.C. § 70b(a).

29.     Pursuant to section 70e(c) of the Textile Act, 15 U.S.C. § 70e(c), the Commission promulgated the Textile Rules, which state:

    a.      all textile fiber products must carry affixed labels stating the recognized generic names of the constituent fibers, 16 C.F.R. §§ 303.15; 303.16(a)(1);

    b.      no generic name for a manufactured fiber may be used until such generic name has been "established or otherwise recognized by the Commission," 16 C.F.R. § 303.8;

    c.      "[w]ords, coined words, symbols or depictions, (a) which constitute or imply the name or designation of a fiber which is not present in the product . . . [may] not be used in such a manner as to represent or imply that such fiber is present in the product." 16 C.F.R. § 303.18. Any term used in advertising, including internet advertising, that constitutes or connotes the name or presence of a textile fiber is deemed to be an implication of fiber content, 16 C.F.R. § 303.40; and

    d.      any information or representation included in advertising or labeling of a textile fiber product that is not required under the Textile Act or the Textile Rules "shall in no way be false, deceptive, or misleading as to fiber content and shall not include any

names, terms, or representations prohibited by the [Textile] Act and regulations." 16

C.F.R. § 303.42(b); 16 C.F.R. § 303.41(d); *see also* 16 C.F.R. § 303.17.

30.     A violation either of the Textile Act or of the Textile Rules constitutes an unfair

or deceptive act or practice in violation of the FTC Act.  *See* 15 U.S.C. §§ 70a and 70e.

**COUNT I:  MISREPRESENTED OR MISLABELED TEXTILE PRODUCTS**

31.     As set forth in Paragraphs 8 through 12, Defendant

     a.     markets and sells or has marketed and sold textile fiber products labeled as

"bamboo;" and

     b.     advertises or has advertised the fiber content of textile fiber products using

the terms "bamboo" and "bamboo fiber."

32.     In truth and in fact, as set forth in Paragraph 13, in numerous instances these

textile fiber products are not bamboo fiber but instead rayon, a regenerated cellulose fiber.

33.     Therefore, through the means described in Paragraphs 8 through 12, Defendant

has introduced, advertised, offered for sale, or sold retail textile fiber products that are

mislabeled or falsely or deceptively advertised, in violation of Sections 70a and 70b of the

Textile Act, 15 U.S.C. §§ 70a and 70b, and Sections 303.6, 303.8, 303.16, 303.17, 303.18,

303.33, 303.34, 303.40, 303.41, and 303.42 of the Textile Rules, 16 C.F.R. Part 303.

34.     Defendant's violations of the Textile Act and of the Textile Rules constitute

deceptive acts or practices, in or affecting commerce, in violation of Section 5(a) of the FTC Act.

*See* 15 U.S.C. §§ 70a and 70e.

**VIOLATIONS OF PRIOR COMMISSION DETERMINATIONS CONCERNING
UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN COMMERCE**

35.     Pursuant to Section 5(m)(1)(B) of the FTC Act, 15 U.S.C. § 45(m)(1)(B), if the

Commission has determined in a proceeding under section 5(b) of the FTC Act, 15 U.S.C.

§ 45(b), that an act or practice is unfair or deceptive by issuing a final cease and desist order other than a consent order, then a person, partnership, or corporation which engages in such act or practice with actual knowledge that such act or practice is unfair or deceptive shall be liable for a civil penalty of not more than $16,000 for each violation.

36.     In prior litigated decisions, the Commission has determined that it is an unfair or deceptive act or practice to offer for sale or sell textile fiber products that are falsely or deceptively labeled as to the name or amount of constituent fiber contained therein.  The Commission also has determined that it is an unfair or deceptive act or practice to falsely or deceptively advertise textile fiber products including, but not limited to, falsely or deceptively advertising the name or amount of constituent fiber contained within a textile fiber product. *See* Paragraph 22.

## COUNT II:  VIOLATIONS OF SECTION 5(m)(1)(B)

37.     As set forth in Paragraphs 19 through 23, at least since receiving the Warning Letter in February 2010, Defendant has had actual knowledge that offering for sale or selling falsely or deceptively labeled textile products and that falsely or deceptively advertising textile fiber products are unfair or deceptive acts or practices subject to civil penalties.

38.     As set forth in Paragraphs 8 through 12, Defendant has offered for sale and sold textile products labeled as "bamboo" and has represented, directly or indirectly, expressly or by implication, that certain textile fiber products it advertises and sells are "bamboo."

39.     In truth and in fact, as set forth in Paragraph 13, in numerous instances these textile fiber products are not bamboo fiber but instead rayon, a regenerated cellulose fiber.

40.     Defendant has engaged in the acts and practices described in Paragraphs 38 and 39 with the actual knowledge, as set forth in Paragraph 37, that such acts and practices have been

determined by the Commission in a final cease and desist order, other than a consent order, to be

unfair and deceptive under Section 5(a) of the FTC Act.  Defendant, therefore, has violated

Section 5(m)(1)(B) of the FTC Act.  15 U.S.C.§ 45(m)(1)(B).

## CONSUMER INJURY

41.     Consumers have suffered and will continue to suffer substantial injury as a result

of Defendant's violations of the FTC Act and the Textile Act and Rules.  In addition, Defendant

has been unjustly enriched as a result of its unlawful acts or practices.  Absent injunctive relief

by this Court, Defendant is likely to continue to injure consumers, reap unjust enrichment, and

harm the public interest.

## CIVIL PENALTIES AND INJUNCTIVE RELIEF

42.     Violations of the Textile Act constitute deceptive acts or practices, in or affecting

commerce, in violation of Section 5(a) of the FTC Act.  *See* 15 U.S.C. §§ 70a and 70e.  The FTC

"is authorized and directed to prevent any person from violating the provisions of [the Textile

Act] in the same manner, by the same means, and with the same jurisdiction, powers, and duties

as though all applicable terms and provisions of the [FTC Act] were incorporated" therein, and

any "person violating the [Textile Act] shall be subject to the penalties" provided in the FTC

Act.  15 U.S.C. § 70e(b).

43.     Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to

issue a permanent injunction to restrain violations of the FTC Act, as well as such ancillary relief

as is necessary.

44.     Section 5(m)(1)(B) of the FTC Act, 15 U.S.C. § 45(m)(1)(B), authorizes the

Court to award monetary civil penalties of not more than $16,000 for each violation of prior

Commission determinations concerning unfair and deceptive acts or practices in commerce, as described in Paragraphs 18-25 and 37-40.

45.     Pursuant to Section 5(m)(1)(B) of the FTC Act, for the purpose of computing civil penalties, each and every instance that Defendant has introduced, advertised, offered for sale, or sold a misbranded retail textile fiber product, since February 2010, constitutes an act or practice that the Commission has determined in a prior proceeding to be unfair or deceptive.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to 15 U.S.C. §§ 45(a)(1), 45(m)(1)(B), and 53(b) and the Court's own equitable powers, requests that the Court:

1.     Enter judgment against Defendant and in favor of Plaintiff for each violation of the Textile Act and the Textile Rules alleged in this complaint;

2.     Award Plaintiff monetary civil penalties pursuant to 15 U.S.C. § 45(m)(1)(B);

3.     Enter a permanent injunction to prevent future violations of the Textile Act and the Textile Rules; and

4.     Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

DATED: December 9, 2015

Respectfully submitted,

Of Counsel:

JAMES A. KOHM
Associate Director for Enforcement

DOUGLAS V. WOLFE
Assistant Director for Enforcement

KORIN EWING FELIX
AMANDA B. KOSTNER
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mail Drop M-8102B
Washington, D.C. 20580
(202) 326-3556; kfelix@ftc.gov
(202) 326-2880; akostner@ftc.gov

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JONATHAN F. OLIN
Deputy Assistant Attorney General

MICHAEL S. BLUME
Director
Consumer Protection Branch

ANDREW E. CLARK
Assistant Director

/s/ RAQUEL TOLEDO
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044
Tel: (202) 532-4719
Fax: (202) 514-8742
Raquel.Toledo@usdoj.gov